UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN D. HUGHES,

        Petitioner,

                                                               Case No. 01-10173-BC
v.                                                  Honorable David M. Lawson

THOMAS BIRKETT,

        Respondent,

_____/

## **ORDER GRANTING A CERTIFICATE OF APPEALABILITY**

      The Court recently issued an order adopting the report and recommendation of a magistrate judge and denying the petitioner's application for the writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254.  On March 14, 2005, the Court denied the petitioner's motion for reconsideration of the order.  The petitioner now seeks to appeal the denial of his application and filed a motion for certificate of appealability dated March 29, 2005.

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating the issues that satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted).

The Court adopted the recommendation of the magistrate judge and denied the petition for a writ of habeas corpus in this case after determining that the petitioner was not "in custody" from a disciplinary conviction of July 1995 within the meaning of 28 U.S.C. § 2254. The petitioner objected to the magistrate judge's recommendation and sought reconsideration of the order denying the petition arguing that he was in custody from the disciplinary conviction because the penalties from subsequent misconduct convictions would not have included the forfeiture of disciplinary credits.

Although the Court stands by its conclusions, it believes that reasonable jurists could disagree as to whether the petitioner was in custody at the time he filed the petition.

Accordingly, it is **ORDERED** that the petitioner is **GRANTED** a certificate of appealability [dkt # 46] as to his claim that he was in custody because he would not have been penalized with the forfeiture of disciplinary credits for disciplinary convictions subsequent to the July 1995 disciplinary conviction challenged in the petition.

      s/David M. Lawson
      DAVID M. LAWSON
      United States District Judge

Dated: April 20, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2005.

      s/Tracy A. Jacobs
      TRACY A. JACOBS